# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRISM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0543-CVE-FHM |
| | ) | |
| BURAY ENERGY INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Petition and Brief in Support (Dkt. # 16).  Defendant BuRay Energy International, LLC (BuRay) asks the Court to dismiss plaintiff's claims, because the parties agreed to litigate any disputes in Vanderburgh County, Indiana or the United States District Court for the Southern District of Indiana (Southern District of Indiana).  Plaintiff Prism Corporation (Prism) responds that the parties designated Tulsa County, Oklahoma as the sole venue for any litigation arising out of the parties' written agreements, and defendant's motion should be denied.

## I.

On February 11, 2011, Prism and BuRay executed a Purchase and Sale Agreement in which, inter alia, Prism purchased BuRay's interest in an oil and gas well in LeFlore County, Oklahoma. Dkt. # 16-1.  Section 13.5 of the Purchase and Sale Agreement states that "[t]his agreement shall be governed by and construed in accordance with federal laws and the laws of Oklahoma and the sole venue for any litigation regarding this Agreement shall be in Tulsa County, Oklahoma."  Id. at 20. On July 5, 2011, BuRay, Prism, and 4 Square Gas, LLC (4 Square) executed an Escrow Agreement, acknowledging that they had previously entered "various Purchase and Sale Agreements . . . and

amendments thereto . . . regarding the purchase by Prism of certain oil and gas wells . . . ." Dkt. #

16-2, at 1.  The Escrow Agreement contains a detailed choice of law and venue provision:

> 9.  <u>Governing Law</u>; <u>Jurisdiction and Venue</u>.  This Agreement shall be construed,
> enforced, and administered in accordance with the laws of the State of Indiana.
> BuRay, 4 Square and Prism each unconditionally and irrevocably stipulate and
> consent that, upon due and proper service of process upon them in accordance with
> the laws of the State of Indiana for service of process at a location outside the State
> of Indiana upon a person who is a non-resident of the State of Indiana, the courts of
> the State of Indiana located in Vanderburgh County, Indiana, or the United States
> District Court for the Southern District of Indiana, Evansville Division, may have
> and exercise personal jurisdiction over them in any suit or proceeding brought by one
> of them against the other in any way relating to the Purchase and Sale Agreements,
> any matter relating thereto, or relating to this Escrow Agreement , <u>and BuRay, 4</u>
> <u>Square and Prism further stipulate and agree that the proper venue for any such</u>
> <u>lawsuit shall be in Vanderburgh County, Indiana, and the courts of the State of</u>
> <u>Indiana located therein or the United States District Court of the Southern District</u>
> <u>of Indiana, Evansville Division, which is located therein</u>.  BuRay and Prism further
> agree and stipulate that all objections any of them may have as to the power and the
> right of the courts of the State of Indiana or the Southern District of Indiana,
> Evansville Division, to exercise personal jurisdiction over them in any such suit or
> proceeding are unconditionally and irrevocably waived. . . .

<u>Id.</u> at 14 (emphasis added).  The parties agreed that "[t]o the extent the provisions of this Escrow

Agreement and the provisions of the Purchase and Sale Agreements are in conflict or are otherwise

inconsistent, the Purchase and Sale Agreements shall be deemed amended hereby and the provisions

of this Escrow Agreement shall control."  <u>Id.</u> at 15.

On August 1, 2011, Prism filed a lawsuit against BuRay in Tulsa County District Court,

Oklahoma, and alleged that BuRay breached the parties' various purchase and sale agreements.

Prism states that "[v]enue has been agreed upon between the parties in Tulsa County, State of

Oklahoma pursuant to written agreements between the parties."  Dkt. # 2-1, at 1.  Prism does not

reference the Escrow Agreement in its petition.  BuRay removed the case to this Court on August

31, 2011.  Before BuRay filed its notice of removal, it had already filed a separate lawsuit against

Prism in the Southern District of Indiana.  See Dkt. # 17-10.  BuRay filed a motion to dismiss (Dkt.

# 16) this case on the grounds that Prism filed this case in an improper venue and that Prism failed

to state a claim upon which relief can be granted.

## II.

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion

to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)."  Riley v. Kingsley Underwriting

Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992).  On a Rule 12(b)(3) motion, the Court may

consider matters outside the pleadings, and facts alleged in the complaint are taken as true to the

extent that they are uncontroverted by defendant's evidence.  See Ben-Trei Overseas, L.L.C. v.

Gerdau Ameristeel US, Inc., 2010 WL 582205, *3 (N.D. Okla. Feb. 10, 2010); see also Sucampo

Pharms., Inc. v. Astellas Pharma, 471 F.3d 544, 549-50 (4th Cir. 2006); Kukje Hwajae Ins. Co., Ltd.

v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005); Pierce v. Shorty Small's of Branson

Inc., 137 F.3d 1190, 1192 (10th Cir. 1998); Vazquez v. Central States Joint Bd., 547 F. Supp. 2d

833, 865 n.18 (N.D. Ill. 2008).  The Court must "draw all reasonable inferences in favor of the non-

moving party and resolve all factual conflicts in favor of the non-moving party."  Murphy v.

Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004).

## III.

Defendant asks the Court to dismiss this case for improper venue, because plaintiff ignored

the forum selection clause in the Escrow Agreement when filing this case in Tulsa County District

Court.  Plaintiff responds that the parties designated Tulsa County as the proper venue in the

Purchase and Sale Agreement, and the Court should enforce the forum selection clause in the

Purchase and Sale Agreement unless it would be unfair or unreasonable.  Dkt. # 17, at 4.

A forum selection clause is presumed to be valid and the burden is on the party resisting

enforcement to show that enforcement of the clause would be unreasonable under the circumstances.

Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); M/S Bremen v. Zapata Off-Shore

Co., 407 U.S. 1, 15 (1972); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992).

The party resisting enforcement of a forum selection provision "carries a heavy burden of showing

that the provision itself is invalid due to fraud or overreaching or that enforcement would be

unreasonable and unjust under the circumstances." Riley, 969 F.2d at 957.  The Tenth Circuit has

found that forum selection clauses fall into two general categories - mandatory or permissive.

Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997).  A mandatory

forum selection clause must contain "clear language showing that jurisdiction is appropriate only

in the designated forum." Id. (quoting Thompson v. Founders Group Int'l, 886 P.2d 904, 910 (Kan.

Ct. App. 1994).  A permissive forum selection clause permits suit to be brought in a particular

jurisdiction, but does not prevent the parties from litigating in a different forum.  SBKC Serv. Corp.

v. 1111 Prospect Partners, L.P., 105 F.3d 578, 581-82 (10th Cir. 1997).

The parties dispute which forum selection clause should be applied.  Plaintiff argues that

forum selection clause in the Purchase and Sale Agreement should be enforced unless the Court

finds the clause invalid, and that the Escrow Agreement itself is inapplicable to plaintiff's claims

in this case.  However, the Escrow Agreement expressly references all purchase and sale agreements

between the parties and states that the provisions of the Escrow Agreement control in the event of

an inconsistency between the Escrow Agreement and any purchase and sale agreement. Dkt. # 16-2,

at 15.  Plaintiff claims that the forum selection clause in the Escrow Agreement should be severed

to the extent it conflicts with the Purchase and Sale Agreement.  Dkt. # 17, at 5.  This would be

contrary to the plain language of the Escrow Agreement and plaintiff offers no authority to support such an interpretation of the parties' written agreements. The parties agreed that any inconsistencies in their various written agreements would be resolved by treating the Escrow Agreement as an amendment to any prior written agreement. The forum selection clauses in the Purchase and Sale Agreement and the Escrow Agreement conflict, and the forum selection clause in the Escrow Agreement supersedes the forum selection clause in the Purchase and Sale Agreement. Plaintiff also states that it was not represented by legal counsel during negotiation of the Escrow Agreement and that the forum selection clause in the Escrow Agreement is invalid, but plaintiff cites no legal authority to support this argument. Plaintiff also provides no evidence to support this statement, and plaintiff's mere statement in a brief is not part of the evidentiary record before the Court.[1] LCvR. 7.2(j). The forum selection clause in the Escrow Agreement is the applicable forum selection clause governing the proper venue for this case, but the Court must consider whether it is a mandatory or permissive forum selection under Tenth Circuit precedent.[2]

Plaintiff argues that the forum selection clause in the Escrow Agreement is permissive, because it merely designates Vanderburgh County or the Southern District of Indiana as possible forums but does not require litigation there. However, plaintiff's argument is based on a selective

---

[1]    Defendant states that Prism was represented by its in-house counsel, Chad Basset, during the negotiation of the Escrow Agreement, and Basset was provided a draft of the Escrow Agreement before its execution by Prism's President, Joe Loftis. Dkt. # 20, at 4.

[2]    Plaintiff argues that the Court possesses the power to remand this case to Tulsa County District Court under the doctrine of forum non conveniens, because the parties designated that forum in a mandatory forum selection clause. Dkt. # 17, at 4. Plaintiff assumes that the relevant forum selection clause is found in the Purchase and Sale Agreement, and the Court has determined that this clause was superseded by the forum selection clause in the Escrow Agreement. Thus, plaintiff's request to remand the case based on the Purchase and Sale Agreement is meritless.

reading of the Escrow Agreement.  Plaintiff cites the portion of the forum selection clause concerning the parties' waiver of personal jurisdiction and, standing alone, it could appear that this language is permissive.  See Dkt # 17, at 5.  The actual forum selection clause states that the parties "further stipulate and agree that the proper venue for any such lawsuit shall be in Vanderburgh County, Indiana, and the courts of the State of Indiana located therein or the United States District Court of the Southern District of Indiana, Evansville Division, which is located therein."  The parties used the mandatory language "shall" when designating a forum, and this clearly shows that the parties intended the forum selection clause to be mandatory in nature.  American Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921, 927 (10th Cir. 2005) ("when a venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory"); Excell, 106 F.3d at 321 (use of the word "shall" and designation of a specific forum showed that parties agreed to a mandatory forum selection clause); Milk 'N' More, 963 F.2d at 1326 ("The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made").  The forum selection clause in this case designates two specific forums and includes mandatory language, and the forum selection clause should be construed as mandatory.[3]  Thus, the forum selection clause must be enforced unless plaintiff can meet its heavy burden to show that enforcement of the agreement would be unfair or unjust under the circumstances.  Riley, 969 F.2d at 957.

---

[3]   The Court notes the distinction between this case and the cited cases in that two forums are designated in the forum selection clause here.  However, plaintiff argues that the Southern District of Indiana may lack diversity jurisdiction if 4 Square were joined as a party, and it appears that the designation of state and federal forums was necessary to ensure that a court in the designated geographical location had jurisdiction over any dispute.  See Dkt. # 17, at 6.

Plaintiff argues that forum selection clause is inapplicable to this case because plaintiff's claims arise out of the Purchase and Sale Agreement, rather than the Escrow Agreement. Dkt. # 17, at 6.  Plaintiff claims that the Escrow Agreement merely "references" the parties' prior written agreements but does not incorporate them into the Escrow Agreement, and only litigation arising under the Escrow Agreement falls under the forum selection clause. Id. at 5.  This argument is meritless based on the plain language of the forum selection clause. The forum selection clause applies to "any such lawsuit" and the parties defined "lawsuit," "suit," or "proceeding" as any matter "in any way relating to the Purchase and Sale Agreements, any matter relating thereto, or relating to this Escrow Agreement . . . ."  Dkt. # 16-2, at 14.  Regardless of whether the parties expressly incorporated the Purchase and Sale Agreement into the Escrow Agreement, the forum selection clause in the Escrow Agreement clearly applies to disputes arising under the Purchase and Sale Agreement.  Plaintiff argues that it may move to dismiss the lawsuit filed by defendant in the Southern District of Indiana based on defendant's failure to join a necessary party and lack of diversity jurisdiction, and it should be permitted to proceed with this case.  Even if plaintiff prevails on a motion to dismiss in the Southern District of Indiana, the parties designated the federal and state courts located in Vanderburgh County, Indiana as the proper forums for litigation, and plaintiff would be required to pursue its claims against defendant in state court in Indiana.  Plaintiff has not shown that the forum selection clause is inapplicable or that enforcement of the forum selection would be unfair or unreasonable under the circumstances, and the parties should be required to litigate this matter in their designated forum.[4]

---

[4]     It is unnecessary to reach defendant's argument that plaintiff's petition fails to state a claim upon which relief can be granted due to the Court's finding that plaintiff filed this case in an improper venue.

The Court must determine whether to dismiss this case for improper venue or transfer the case to the Southern District of Indiana. <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1223 (10th Cir. 2006) (district court must consider proper remedy when case is filed in an improper venue). Neither party has requested transfer of venue. There is another lawsuit pending between these parties in the Southern District of Indiana, and the Court finds that it would not be in the interests of justice to transfer this case. Plaintiff's response shows that it has not even filed a responsive pleading in the Indiana action, and it will be able to file its claims in this case as counterclaims in the Indiana action. Dkt. # 17, at 6. Thus, dismissal of this case will not prejudice plaintiff in terms of its ability to assert counterclaims or affirmative defenses in the Indiana action, and transfer of this case is unnecessary.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition and Brief in Support (Dkt. # 16) is **granted**, and plaintiff's claims against defendant are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of November, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8